*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0104P (6th Cir.)
File Name: 00a0104p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

TRUDY WILSON-SIMMONS,
  *Plaintiff-Appellant,*

JOSEPH R. COMPOLI, JR.;
JAMES R. GOODLUCK,
      *Appellants,*

  *v.*

LAKE COUNTY SHERIFF'S
DEPARTMENT; DANIEL A.
DUNLAP,
    *Defendants-Appellees.*

No. 98-3553



Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 96-02359—Donald C. Nugent, District Judge.

Argued: December 6, 1999

Decided and Filed: March 24, 2000

Before: RYAN and SUHRHEINRICH, Circuit Judges;
BELL,* District Judge.

_____

*The Honorable Robert Holmes Bell, United States District Judge for
the Western District of Michigan, sitting by designation.

1

_____

**COUNSEL**

**ARGUED:**    Stephen W. Gard, Cleveland, Ohio, for Appellants.    Michael P. Brown, LAKE COUNTY PROSECUTOR'S OFFICE, Painesville, Ohio, for Appellees. **ON BRIEF:** Joseph R. Compoli, Jr., Cleveland, Ohio, for Appellants.    Michael P. Brown, LAKE COUNTY PROSECUTOR'S OFFICE, Painesville, Ohio, for Appellees. Mark S. Telich, Cleveland, Ohio, for Amicus Curiae.

_____

**OPINION**
_____

BELL, District Judge.    The Plaintiff, Trudy Wilson-Simmons, and her attorneys, Joseph R. Compoli, Jr., and James R. Goodluck, (hereinafter collectively referred to as the "Appellants") appeal the order of the district court awarding attorney fees against Wilson-Simmons and sanctioning her attorneys by holding them jointly and severally liable for the award on the grounds that the Plaintiff's racial discrimination and retaliation claims were frivolous, unreasonable and without foundation.  We affirm.

**I.**

Wilson-Simmons has been employed as a corrections officer at the Lake County Sheriff's Department since 1990. On February 7, 1995, she complained to her supervisor, Frank Leonbruno, that she had been told by another co-worker that a  corrections officer had sent a racist electronic mail ("e-mail") about her to another corrections officer. Wilson-Simmons refused to identify the co-worker who had given her this information.  She requested to view the e-mail generated by every officer in the Lake County Detention Facility for the month of January.  Leonbruno informed her that the e-mail records were not readily available and that they

Bad faith is not required to support a sanction under § 1927. *Jones*, 789 F.2d at 1230.

Having reviewed the record, we concur with the district court that it should have been patently obvious to Plaintiff's counsel that the facts alleged did not, as a matter of law, support a retaliation claim. The district court did not abuse its discretion by imposing sanctions upon counsel for pursuing an action based on a disgruntled employee's motley assortment of grievances and perceived mistreatment.

For the reasons stated herein, we AFFIRM the judgment of the district court awarding attorney fees against Wilson-Simmons pursuant to § 1988 and imposing joint and several liability for that award upon her counsel as a sanction pursuant to § 1927.

would need to be reconstructed. That day, Leonbruno posted a notice to all employees prohibiting racial statements in e-mails. In the absence of further details from Wilson-Simmons, Leonbruno was unable to investigate the allegation. The next day, Wilson-Simmons submitted a written request to view the e-mail of five corrections officers for the month of January. She was advised that it would take the Lake County Sheriff's Department's computer specialist one hundred forty hours to reconstruct the requested e-mail and that she would be responsible for the $2,500 cost.

In October 1996, Wilson-Simmons commenced this action against the Defendants, the Lake County Sheriff's Department and Daniel A. Dunlap, the Lake County Sheriff, alleging racial discrimination and retaliation in violation of 42 U.S.C. § 1981, § 1983, § 2000e-2(a), § 2000e-3(a) and Ohio state law. The complaint alleged that the Defendants discriminated against her because the fee to view the e-mail should have been $3.00, the price of a public record, and because the Defendants failed to investigate the alleged racial slur. The complaint further alleged that following Wilson-Simmons' complaint and request for access to the alleged racist e-mail, the Defendants retaliated against her by: (1) assigning her to the fourth floor which housed maximum security inmates; (2) losing her overtime paperwork, requiring her to refile it; (3) administering a written disciplinary warning for failing to make a door check during her shift and for using white out on her log report; (4) instructing her to rewrite her explanations of these events because her response was insubordinate; and (5) giving her a disciplinary warning for using office equipment to advertise her Tupperware party. Wilson-Simmons alleges that she suffered severe clinical depression as a result of these incidents.

The Defendants thereafter moved for summary judgment. On October 22, 1997, the district court granted the motion. With respect to Wilson-Simmons' racial discrimination claim, the district court set forth the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct.

1817, 36 L.Ed. 2d 668 (1973). The court first noted that the Plaintiff had no evidence that the allegedly racist e-mail existed. She had learned of it from a co-worker who was told by another corrections officer that still another corrections officers was responsible. The court further found that Wilson-Simmons had failed to show an adverse employment action related to her discrimination claims and that she had proffered no evidence to suggest that she was treated worse than similarly situated, non-protected employees. The court concluded that the Defendants were entitled to summary judgment because she had failed to demonstrate a prima facie case of disparate treatment.

The district court next reviewed each alleged incident with respect to her retaliation claim. The court clarified that her assignment to the fourth floor with maximum security inmates was part of her duties and that she had presented no evidence to demonstrate that she was singled out and given a disproportionate number of assignments to this area. The court noted that other officers, including members of a protected class, were assigned to this duty more frequently than she was. The court concluded that the loss of her overtime sheet was a single, isolated event that was nothing more than a clerical oversight. As to the allegations that she was unfairly reprimanded, the evidence revealed that she had not been disciplined but had merely received requests from management to explain certain conduct. The court accordingly determined that she had failed to demonstrate that she suffered adverse employment action in retaliation for her protected activity. Wilson-Simmons did not appeal the order of the court granting summary judgment.

On November 6, 1997, the Defendants moved for attorney fees and costs against Wilson-Simmons pursuant to 42 U.S.C. § 1988. The district court referred the motion to a magistrate judge. On January 14, 1998, the magistrate judge recommended that attorney fees be awarded against Wilson-Simmons and that the district court issue an order to counsel to show cause why sanctions should not be imposed against

that the district court rejected the magistrate judge's recommendation that the court impose attorney fees on Plaintiff's counsel pursuant to § 1927 and/or the court's inherent authority because the court only cited § 1988 as authority in its opinion and adopted the magistrate judge's report "as modified."

We reject such a tortured reading of the district court's opinion. There is no text in the district court's opinion to support Appellants' claim that the court rejected the magistrate judge's recommendation that counsel be sanctioned pursuant to § 1927. Although the order imposing sanctions does not specifically cite § 1927 as authority, both the district court's order to show cause and the underlying report and recommendation adopted by the court do. Reading the order as a whole, it is evident that the district court relied upon § 1927 as the basis for imposing sanctions against counsel.

We further conclude that the district court's order imposing sanctions upon Plaintiff's counsel was a proper exercise of its discretion. Sanctions under § 1927 are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir.) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988)), *cert. denied*, 519 U.S. 935, 117 S.Ct. 312, 136 L.Ed.2d 228 (1996). "An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits . . . . Accordingly . . . when an attorney knows *or reasonably should know* that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney." *In re Ruben*, 825 F.2d at 984 (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)).

argument is a red herring. She presented no evidence that she should have been charged the fee for a public record of $3.00 rather than the $2,500 cost of reconstructing the files. Neither did she present any evidence that the cost was in any way racially based. Furthermore, the district court found that there was no evidence to indicate that any of the five co-workers she had identified were involved or that the alleged e-mail even existed. Wilson-Simmons proffered no evidence regarding when the e-mail had been sent, who had sent it, who it was sent to, or whether her name was even mentioned.

With respect to Wilson-Simmons' claim that the Defendants failed to investigate, the district court concluded that the evidence demonstrated that the Defendants took her complaint seriously and responded promptly by issuing a memorandum to all personnel prohibiting using e-mail to make racial statements. The court further found that her claims for retaliation were without factual foundation. After viewing the allegations and the evidence, the district court determined that Wilson-Simmons had failed to set forth a prima facie case of racial discrimination or retaliation and that her claims were without foundation from the outset. We agree with the district court's well reasoned analysis and conclude that the court did not abuse its discretion in awarding attorney fees against Wilson-Simmons pursuant to § 1988. The remedial action was prompt and appropriate, *see Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999), especially given that the Plaintiff refused to cooperate in her employer's attempt to investigate the matter. *See Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1014-15 (7th Cir. 1997). Moreover, the memorandum was apparently effective. The Plaintiff does not claim that she ever saw, or heard rumors about, racist e-mails following the circulation of the memo.

### C.

We next consider the Appellants' claim that the district court was not authorized to impose attorney fees against Plaintiff's counsel pursuant to 42 U.S.C. § 1988. They argue

them pursuant to 28 U.S.C. § 1927[1] and/or the court's inherent authority. According to the magistrate judge, the complete lack of substance and merit should have been so patent to Plaintiff's counsel that their failure to either advise her against pursuing the empty claims or terminate the action when its futility should have been obvious called for them to "share the burden of the Plaintiff's folly." (J.A. 26).

The district court issued an order directing Plaintiff's counsel to show cause, in writing, why sanctions should not be imposed against them pursuant to 28 U.S.C. § 1927. The Plaintiff filed an objection to the magistrate's report and recommendation and brief in opposition to sanctions. On April 7, 1998, the court awarded attorney fees of $17,131.95 to the Defendants against the Plaintiff and held that the Plaintiff's attorneys were jointly and severally liable for the award. In its order, the court incorporated its summary judgment by reference and adopted the magistrate judge's report and recommendation as modified. This appeal followed.

### II.

### A.

We first consider the Appellants' contention that the district court improperly imposed monetary sanctions upon them without conducting a hearing.

---

[1]Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

In this circuit, there is no requirement that a full evidentiary hearing be held before imposing sanctions. *Cook v. American S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1998). "What is required, however, is that before the imposition of sanctions, the attorney must be given notice and an opportunity to be heard. . . . An order to show cause, along with an opportunity to respond to said order, can be sufficient, in certain circumstances, to provide the necessary procedural safeguards . . . ." *Id.* at 775 (citation omitted).

As a preliminary matter, we note that no due process concerns are present in this case. Both the magistrate judge's report and recommendation and the district court's show cause order clearly put the Appellants on notice that the court was considering imposing monetary sanctions upon both Wilson-Simmons and her attorneys.

"It is within the discretion of the district court to determine whether an evidentiary hearing would assist the court in its decision." *Id.* The magistrate judge reviewed Wilson-Simmons' entire 361 page deposition testimony in preparing his report and recommendation. The district court had before it the magistrate judge's report and recommendation, the Appellants' brief in opposition and response to the show cause order, and the court's opinion granting summary judgment. The district court was familiar with the Plaintiff's allegations and demonstrated a thorough knowledge of the factual and legal issues in the case. Because nothing in the record indicates that a hearing was needed to assist the court in determining whether sanctions were warranted, we hold that the district court did not abuse its discretion in not conducting an evidentiary hearing.

**B.**

We next consider the Appellants' claim that the district court improperly awarded attorney fees against Wilson-Simmons pursuant to 42 U.S.C. § 1988 because her claims were not frivolous, unreasonable, or without foundation.

We review a district court's award of attorneys fees under 42 U.S.C. § 1988 based on an abuse of discretion standard. *Reed v. Rhodes*, 179 F.3d 453, 469 n.2 (6th Cir. 1999). "In light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters, an award of attorneys' fees under § 1988 is entitled to substantial deference." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)) (internal quotation marks omitted).

Under 42 U.S.C. § 1988, a district court may in its discretion award attorney fees to a prevailing defendant upon a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)) (internal quotation marks omitted), *cert. denied*, 514 U.S. 1127, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995). "[A] district court must resist the urge to engage in post hoc reasoning and the hindsight logic of concluding a suit is without foundation because the plaintiff ultimately does not prevail." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir.) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421-22, 98 S.Ct. at 700), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). A "plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Smythe-Cramer Co.*, 33 F.3d at 183. This "requires inquiry into the plaintiff's basis for filing suit. Awards to prevailing defendants will depend on the factual circumstances of each case." *Id.*

The district court properly applied this standard. As support for her race discrimination claim, Wilson-Simmons offered as evidence the fact that she would have to pay for the costs associated with reconstructing the e-mail files. This