**The ESTATE OF William R. REYNOLDS, Sr., Plaintiff,**

v.

**GREENE COUNTY, et al., Defendants.**

No. C–3–99–115.

United States District Court, S.D. Ohio, Western Division.

March 26, 2001.

---

891

Ralph Buss, Painesville, OH, for Plaintiff.

Jeffrey Turner, Jenks, Surdyk & Cowdrey, Dayton, OH, for Defendants.

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES (DOC. # 74)

RICE, Chief Judge.

■ The Plaintiff's decedent, William Reynolds, Sr. ("Reynolds"), was incarcerated in the Greene County Jail from March 4, 1998, to March 12, 1998.[1] Eleven days after being transferred from that facility to a state prison, Reynolds died as a result of pneumonia. Thereafter, the Plaintiff initiated this litigation, setting forth a claim under 42 U.S.C. § 1983, alleging that Reynolds had been denied adequate medical care in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and a number of state law claims.[2] The Plaintiff named as Defendants Greene County, the Greene County Board of County Commissioners and Greene County Sheriff Jerry Erwin ("Erwin"). The Defendants were initially sued in only their official capacities;[3] however, in her Amended Complaint, Plaintiff named Erwin in his individual capacity. On May 24, 2000, this Court entered a Decision in which it sustained the Defendants' Motion for Summary Judgment, as it related to Plaintiff's claim under § 1983.[4] See Doc. # 69.

This case is now before the Court on the Defendants' Motion for an Award of Attorney's Fees (Doc. # 74), filed pursuant to 42 U.S.C. § 1988(b). The Defendants state that they are seeking attorney's fees in the sum of $40,000, although they have not supported their motion with evidentia-

1. Reynolds' sister, Betty Spencer, brings this litigation as the administratrix of his estate.

2. Plaintiff filed suit in the Greene County Common Pleas Court, from whence Defendants removed it on the basis of federal question jurisdiction. See 28 U.S.C. § 1331.

3. A suit against an governmental employee in his official capacity is nothing more than a suit against his employer. See Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

4. The Court also declined to continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

ry materials (i.e., an affidavit of counsel demonstrating that the amount sought is reasonable because it is based upon a reasonable number of hours expended and a reasonable hourly rate).

■ Section 1988(b) provides in pertinent part that "[i]n any action or proceeding to enforce ... [42 U.S.C. § 1983] ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." Herein, the prevailing Defendants seek an award of attorney's fees pursuant to that statute. In *Wilson–Simmons v. Lake County Sheriff's Department*, 207 F.3d 818 (6th Cir.2000), the Sixth Circuit reviewed the standards which must be applied to ascertain whether a prevailing defendant is entitled to recover attorney's fees under § 1988(b):

> We review a district court's award of attorneys fees under 42 U.S.C. § 1988 based on an abuse of discretion standard. *Reed v. Rhodes*, 179 F.3d 453, 469 n. 2 (6th Cir.1999). "In light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters, an award of attorneys' fees under § 1988 is entitled to substantial deference." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) (internal quotation marks omitted).
>
> Under 42 U.S.C. § 1988, a district court may in its discretion award attorney fees to a prevailing defendant upon a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir.1994) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)) (internal quota-

tion marks omitted), *cert. denied*, 514 U.S. 1127, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995). "[A] district court must resist the urge to engage in post hoc reasoning and the hindsight logic of concluding a suit is without foundation because the plaintiff ultimately does not prevail." *Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 183 (6th Cir.) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421–22, 98 S.Ct. 694), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). A "plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Smythe–Cramer Co.*, 754 F.2d at 183. This "requires inquiry into the plaintiff's basis for filing suit. Awards to prevailing defendants will depend on the factual circumstances of each case." *Id.*

*Id.* at 823.

■ The evidence before the Court causes it to find that the Plaintiff's allegation that Reynolds was denied adequate medical attention, while incarcerated at the Greene County Jail, was neither frivolous, unreasonable nor without foundation. There is evidence that Reynolds was ill when he was initially incarcerated in the jail on March 4, 1998. Moreover, Reynolds' sister and his fellow inmates repeatedly complained to employees at that facility about his health. Indeed, the Defendants do not argue that Plaintiff's allegation concerning the denial of adequate medical treatment is in any manner frivolous, unreasonable or without foundation. Rather, without expressly so stating, they contend that Plaintiff's § 1983 claim was frivolous, unreasonable or without foundation, because Plaintiff sued the wrong Defendants. In her initial Complaint, the Plaintiff sued the Defendants solely in their official capacities. The Defendants

contend that the frivolous, unreasonable or "foundationless" nature of Plaintiffs' initial pleading is demonstrated by the fact that it could not have withstood a motion to dismiss under Fed R. Civ. P. 12(b)(6).[5] In particular, the Defendants contend that the allegations in the Plaintiff's initial Complaint did not state a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[6] Therefore, Defendants' argument continues, Plaintiff could not have prevailed against them, even if an employee of the Defendants had violated Reynolds' Eighth Amendment right to adequate medical care.[7] Defendants fail to mention, however, that they did not file such a motion to dismiss. By failing to file such a

motion, the Defendants reaped two benefits. *First*, this litigation was initiated in state court, from which the Defendants removed it on the basis of federal question jurisdiction (28 U.S.C. § 1331). If a motion to dismiss Plaintiff's only federal law claim had been granted, this Court would have remanded the Plaintiff's state law claims, which would have resulted in the Defendants being required to litigate those claims in a forum they had sought to avoid. By declining to move to dismiss, the Defendants avoided the possibility of such a remand.[8] *Second*, if the Defendants had moved to dismiss the Plaintiff's initial Complaint on the basis of *Monell*, they quite possibly would have alerted Plaintiff's counsel to the fact that he had sued

---

**5.** The Defendants also point out that the Court previously concluded that the evidence did not raise a genuine issue of material fact as to whether individual liability could be imposed upon Erwin. Nevertheless, this Court cannot conclude that the Plaintiff's effort to impose personal liability upon Erwin was frivolous, unreasonable or without foundation. On two occasions, Reynolds' sister attempted unsuccessfully to inform Erwin of her brother's deteriorating medical condition, speaking to an employee who appeared to be his secretary on each occasion. Moreover, Erwin testified during his deposition that if someone approached his office with a complaint, he would know about it. A necessary element of Plaintiff's individual capacity claim against Erwin was that she prove that he was aware of Reynolds' serious medical condition. The Court concluded that the evidence failed to raise a genuine issue of material fact on that question. The evidence discussed above, however, shows that Plaintiff's allegation in that regard was not frivolous, unreasonable or without foundation. Therefore, the Plaintiff's individual capacity claim against Erwin does not serve as the basis for awarding attorney's fees to the Defendants.

**6.** It does appear unlikely that the Plaintiff's initial Complaint would have withstood a motion to dismiss, predicated upon *Monell*. In its Decision of May 24, 2000, the Court noted that Plaintiff's Complaint did not even allege the existence of a policy or custom that was

the "moving force" behind a deprivation of Reynolds' Eighth Amendment rights. Doc. # 69 at 16. In addition, the Court noted that the Plaintiff's theory of liability, that the Defendants could be held liable because employees at the Greene County Jail failed to follow the policies they had established for its operation, was the "antithesis" of a *Monell* claim. *Id.* at 17.

**7.** Of course, Plaintiff's official capacity claims against the Defendants are governed by the standards set forth in *Monell* and its progeny. *See e.g., Fox v. Van Oosterum*, 176 F.3d 342 (6th Cir.1999).

**8.** Given that this Court declined to continue to exercise supplemental jurisdiction over Plaintiff's state law claims, those claims will ultimately be resolved in state court. However, by not seeking dismissal of the Plaintiff's only federal law claim and, thus, avoiding an inevitable remand (*see Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255–56 (6th Cir.1996) (noting the strong presumption that District Court decline to exercise supplemental jurisdiction over state law claims after it has dismissed federal claims pursuant to a Rule 12(b)(6) motion)), the Defendants were afforded the opportunity to seek summary judgment on Plaintiff's state law claims in federal court and to argue that this Court should continue to exercise supplemental jurisdiction over those claims.

the wrong Defendants. In other words, Plaintiff's counsel might have realized that his client stood a better chance of prevailing against the employees at the Greene County Jail, who, according to Plaintiff, actually deprived Reynolds of his constitutional right to adequate medical care, rather than against the named Defendants, who could be held liable for the actions of those employees only if the standards established in *Monell* were satisfied.[9] By not moving to dismiss, Defendants avoided the possibility that Plaintiff would amend her Complaint to join those who allegedly had violated Reynolds' Eighth Amendment rights.

If the Defendants had filed a motion to dismiss, it is doubtful that they would have incurred significant attorney's fees. However, they permitted their attorney's fees to increase by failing to file such a motion, while concomitantly reaping the above-described benefits from that strategic decision. Having prevailed on the Plaintiff's § 1983 claim, the Defendants now seek to impose all attorney's fees upon the Plaintiff, not merely the expenses they would have occurred obtaining dismissal of that claim. Under those circumstances and, further, since the Plaintiff's allegation that Reynolds was denied adequate medical attention was neither frivolous, unreasonable nor without foundation, this Court exercises the discretion afforded to it by § 1988 to deny the Defendants' request for attorney's fees.

Accordingly, the Court overrules the Defendants' Motion for an Award of Attorney's Fees (Doc. # 74).

---

9. This litigation was removed to this Court on March 16, 1999, slightly more than one year after Reynolds had left the Greene County Jail. Therefore, the statute of limitations would not have posed an impediment to the Plaintiff's filing an amended complaint naming those who had allegedly deprived Reynolds of his constitutional rights.