**Hugh M. DAVIS, Appellant,**

v.

**William C. BOWRON and Barbara A. Choma, Appellees.**

No. 00–1528.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2002.

Before BATCHELDER and COLE, Circuit Judges; and BECKWITH, District Judge.*

BECKWITH, District Judge.

On January 25, 2000, the United States Magistrate Judge assigned to the case of *Edward F. Conz, Jr. v. Kenneth Lady, et al.*, No. 1:98cv52, in the Western District of Michigan issued a report and recommendation pursuant to which he recommended that plaintiff Conz' attorney, the appellant herein, be sanctioned under 28 U.S.C. § 1927. Mr. Davis objected to the report and recommendation, and the District Court overruled the objections and approved the report and recommendation. Davis filed this appeal. For the reasons that follow, we AFFIRM.

Mr. Conz, employing the services of another attorney, initiated the underlying action against Appellee Choma, his former wife, and Appellee Bowron, an attorney who had represented her, among numerous others. He asserted some 24 claims under state and federal law.

When Appellant Davis was substituted as Conz' counsel, he amended the complaint to eliminate many of the defendants and claims. He persisted, in that first revision of the complaint and subsequent revisions, to assert claims under state law that, the District Court concluded, were barred by the applicable statutes of limitations. He also persisted in asserting claims under 42 U.S.C. § 1983 against Appellees Choma and Bowron, even though, the District Court found, he never attempted to demonstrate that either of the Appellees acted under color of state law in any respect that was material to Mr. Conz' claims. For those reasons, the District Court eventually entered judgment in favor of Appellees Choma and Bowron.[1]

Both Ms. Choma and Mr. Bowron subsequently moved for sanctions under Rule of 11 of the Federal Rules of Civil Procedure against Mr. Davis. The Magistrate Judge recommended that their motions be denied for failure of the movants to comply with Rule 11's procedural requirements. He recommended, *sua sponte*, that sanctions be imposed pursuant to 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys'· fees reasonably incurred because of such conduct.

The Magistrate Judge concluded that Mr. Davis was subject to sanctions under § 1927 on two separate grounds. First, he observed that Mr. Davis had shown disrespect for the court, failed to comply with its orders, and violated the rules of professional conduct. On that basis he recommended that Davis be ordered to pay Appellee Choma the $1,426 she had incurred

---

* The Hon. Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

1. That judgment was entered after attorney Davis had been replaced, at the District Court's insistence, as counsel for Mr. Conz.

in attorney's fees and costs related to a hearing before the District Court to determine whether Mr. Davis had committed acts of misconduct. Mr. Davis failed to timely appear at that hearing, and the matter was adjourned.

The second class of conduct identified by the Magistrate Judge was Mr. Davis' filing and maintenance of vague and unsupportable claims. The Magistrate Judge observed that Mr. Davis had failed to identify which claims in the amended complaints he prepared and filed were asserted against which of the defendants in the underlying action. Rather, he recited facts at great length and then set out his claims tersely without identifying the defendants to which each pertained. He also persisted in asserting state law claims that were clearly time-barred and, therefore, unsupportable. Finally, he asserted claims against both Appellees under 42 U.S.C. § 1983 without ever identifying a basis for his assertion, essential to the claims, that they had acted under color of state law. The Magistrate Judge recommended that Mr. Davis be required to pay each of the Appellees $5,000.

Appellant Davis filed numerous objections to the Report and Recommendation. The District Court considered the objections, overruled them, and imposed the sanctions recommended by the Magistrate Judge.

■ On appeal, Mr. Davis argues that the District Court abused its discretion by imposing sanctions without affording him notice and an opportunity to be heard. He argues that his conduct was a result of negligence or inadvertence and, accordingly, not sanctionable under 28 U.S.C. § 1927. Finally, he argues that the District Court erred by failing to specify the conduct that gave rise to the sanctions and the costs and fees that were attributable to that conduct. We review the District Court's order imposing sanctions for abuse of discretion. See Ridder v. Springfield, 109 F.3d 288, 298 (6th Cir.1997), cert. denied, 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed.2d 634 (1998).

Mr. Davis' first and third arguments on appeal find no support in the record or in the District Court's order. Mr. Davis had not been warned, prior to the issuance of the Magistrate Judge's report and recommendation, specifically that the court might impose, sua sponte, sanctions under § 1927. He was well aware, however, that his conduct in the prosecution of his client's claims was the subject of inquiry by the District Court. Indeed, the District Court had convened a hearing, at which Mr. Davis failed to timely appear, for the purpose of determining whether Mr. Davis had engaged in acts of misconduct.

In any event, after the Magistrate Judge recommended that the District Court impose sanctions under 28 U.S.C. § 1927, Mr. Davis could no longer argue that he was without notice of the District Court's intention to consider doing so. Moreover, the fact that he filed objections to the report and recommendation belies his contention that he was not afforded an opportunity to be heard, which is simply the opportunity to make arguments and present evidence, not the right, literally, to speak to the court. See Wilson–Simmons v. Lake County Sheriff's Department, 207 F.3d 818, 822 (6th Cir.2000). Mr. Davis was afforded both notice and an opportunity to be heard.

■ Mr. Davis' third argument on appeal, that the District Court failed to identify the sanctionable conduct and the reasonable costs arising therefrom, is equally unavailing. A review of the District Court's order reveals both an identification of the conduct upon which the sanctions were based and an assessment that the

sanctions represented the excess costs, expenses, and attorneys' fees reasonably incurred because of that conduct. *See* 28 U.S.C. § 1927.

■ Appellant Davis' second argument, that his conduct was a result of negligence or inadvertence and, accordingly, not sanctionable under § 1927, is based upon a misreading of the District Court's opinion. The District Court approved of the Magistrate Judge's recommendation that Mr. Davis compensate Appellee Choma for her costs and fees arising from the show cause hearing, at which Appellant Davis failed to timely appear. The court observed, however, that Mr. Davis had engaged in dilatory practice throughout the litigation of the underlying action. It did not base the sanction upon an isolated incident of conduct that might properly be described as inadvertent but upon a pattern of limaceous practice culminating in Mr. Davis' failure to appear at the time of the show cause hearing. The record in the underlying action amply supports the District Court's finding in that regard.

We further note that the sanctions were based primarily upon Appellant Davis' persistence in asserting vague, ill-defined claims, claims that were clearly barred by the applicable statutes of limitations, and claims for which he could never identify evidentiary support. Those actions were not attributable to negligence or inadvertence, and the District Court concluded that Mr. Davis should have been aware from the time of his appearance on behalf of Mr. Conz that none of his claims against Appellees Bowron and Choma were supportable. That conclusion was not an abuse of discretion.

The District Court further concluded that Appellant Davis' conduct unreasonably and vexatiously multiplied the proceedings in the underlying action. We find no abuse of discretion in that conclu-sion, which warrants the imposition of sanctions under 28 U.S.C. § 1927. *See Ridder*, 109 F.3d at 298–99. Accordingly, we AFFIRM the District Court's order imposing sanctions upon Appellant Davis.