**Trudy WILSON–SIMMONS,
Plaintiff—Appellant,**

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Joseph R. COMPOLI; James R.
Goodluck, Attorneys—
Appellants,

v.

LAKE COUNTY SHERIFF'S DE-
PARTMENT; Daniel A. Dunlap.
Defendants—Appellees.

No. 00–4427.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before KRUPANSKY and BOGGS,
Circuit Judges; HOOD,* District Judge.

PER CURIAM.

Plaintiff–Appellant Trudy Wilson–Simmons and her attorneys, Joseph R. Compoli, Jr. and James R. Goodluck (collectively "appellants") have challenged the district court's rejection of their motion to set aside the district court's prior order imposing sanctions on them. Appellants have contended that new evidence has come to light which undercuts the rationale undergirding the original imposition of sanctions.

Wilson–Simmons has served as a corrections officer at the defendant-appellee Lake County Sheriff's Department ("LCSD") since 1990. On February 2, 1995, an unidentified co-worker told Wilson–Simmons that a corrections officer had sent a racist e-mail about her to another corrections officer. On February 7, 1995, Wilson–Simmons complained to her supervisor, Captain Frank Leonbruno, but refused to identify the source of the information. Wilson–Simmons then requested to view every e-mail initiated by every corrections officer at Lake County Detention Facility ("LCDF") during the month of January, 1995. Leonbruno informed her that these records were not readily available and would have to be reconstructed. Leonbruno then posted a notice to all employees, which prohibited racist statements in e-mails. On February 8, 1995, Wilson–

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Simmons repeated her request to review the e-mails. The computer specialist at LCDF advised that it would take 140 hours to reconstruct the e-mails and it would cost $2,500.

On October 30, 1996, Wilson–Simmons filed the instant action against the LCSD and Daniel Dunlap, the Lake County Sheriff, charging the defendants with racial discrimination and retaliation in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000e–2(a), 42 U.S.C. § 2000e–3(a) and their Ohio state law analogs. Specifically, the complaint alleged that the charge for reconstructing the e-mail should have been $3.00, the price of a public record, rather than the quoted $2,500. Additionally, Wilson–Simmons complained that the defendants had failed to properly investigate the racist statement.

On October 22, 1997, confronted by a motion for summary judgement filed by defendants, the district court dismissed the action, noting that Wilson–Simmons had no evidence the racist e-mail ever existed. On November 6, 1997, defendants moved for attorney fees and costs against Wilson–Simmons pursuant to 42 U.S.C. § 1988. The district court referred the motion to a magistrate judge and the magistrate judge recommended that attorney fees be awarded because the "plaintiff's case certainly was nothing more than suspicion to begin with as regards the undocumented e-mail, with a completely appropriate response by [LCSD]." In addition, the magistrate judge recommended that Wilson–Simmons' counsel "share the burden of plaintiff's folly" because "the complete lack of substance

and merit should have been ... patent to her counsel[.]"

On April 7, 1998, the district court awarded attorney fees and costs to the defendants with Wilson–Simmons and her counsel to be jointly and severally liable for the award. The district court concluded that Wilson–Simmons' action was "frivolous, unreasonable and never had any reasonable factual foundation from the start."[1] On appeal, this court affirmed. See *Wilson–Simmons v. Lake County Sheriff's Department, et al.*, 207 F.3d 818, 821–22 (6th Cir.2000).

On September 11, 2000, Wilson–Simmons and her counsel filed a motion to set aside the prior order imposing the attorney fees. The motion was filed pursuant to Federal Rule of Civil Procedure 60(b)(5). Wilson–Simmons argued that new evidence had been obtained that proved the existence of the offensive e-mail. The new evidence consisted of an affidavit from a co-worker, James English, who attested that a memo had been circulated by Lake County, which warned workers not to use e-mail to send offensive messages; that the memo indicated that some e-mail contained "insults hurled at fellow corrections officers;" and that English spoke to the Union president who informed him that he had seen the offensive e-mail.

On October 4, 2000, the district court rejected Wilson–Simmons and her counsel's motion to vacate, noting

MARGINAL ENTRY ORDER denying motion by plaintiff to set aside order imposing sanctions on plaintiff and counsel; plaintiff has pursued this motion

---

1. The district court found that

   [t]he 'factual substance' of this case stems from an alleged racist e-mail directed against the Plaintiff. Although this alleged e-mail is the keystone of her entire case against the Sheriff's Department, the Plaintiff has failed to prove the alleged 'racist e-

   mail' ever existed. Not only has the existence of this alleged e-mail never been demonstrated to this Court, the Plaintiff has no reasonable proof of its existence.

   It is this finding that appellants argue is in error because of the "newly-discovered evidence."

pursuant to FRCP 60(b)(5); and, as such, there is no basis for relief. Also, if the Court applied FRCP 60(b)(2), which may be more appropriate based upon the information contained in plaintiff's motion, the request is both untimely and does not constitute 'newly discovered' evidence based upon the record in this case. Finally, if the Court were to apply FRCP 60(b)(6), plaintiff is time [barred] as well & offers no reason for such untimely filing. Due diligence required plaintiff to interview Mr. English in a timely fashion. The substance of his affidavit was known to plaintiff from the beginning of this case.

On November 3, 2000, Wilson–Simmons and her counsel jointly and timely appealed.

"This Court reviews the denial of Fed. R.Civ.P. 60(b) motions for an abuse of discretion. A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir.2001). Federal Rule of Civil Procedure 60(b) provides:

> Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.*

FED.R.CIV.P. 60(b) (emphasis added).

The appellants filed their motion pursuant to Rule 60(b)(5), which does not have the one-year time limit, rather than Rule 60(b)(2), which does have the one-year time limit. This attempt to skirt the time limit of Rule 60(b)(2) was in error as Rule 60(b)(5) deals with changed circumstances, not newly discovered evidence. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992) ("[A] party seeking modification [pursuant to 60(b)(5) ] may meet its initial burden by showing either a significant change either in factual conditions or in law."). Rule 60(b)(2) more clearly covers the matter before the court. Because Appellants' motion was filed more than one year after the sanctions order was filed, appellants' motion was untimely. Moreover, due diligence would have unearthed English's testimony before trial because Wilson–Simmons refers repeatedly to him as being involved in the underlying controversy in her pre-trial deposition.[2]

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

**2.** Even if this court were to review this motion as filed pursuant to Rule 60(b)(5), the motion would still be untimely as it was not filed within a reasonable time. Not only did Wilson–Simmons know of English's relevance at the time of trial, but appellants had ob-

tained English's affidavit in November, 1999–ten months prior to the filing of the instant motion.

