Alex PENNINGTON and Harold Cunningham, Plaintiffs–Appellants,

v.

WESTERN ATLAS, INC., Defendant–Appellee.

Nos. 01–5367, 01–5710.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 2003.

See also 202 F.3d 902.

Before NORRIS and CLAY, Circuit Judges; and O'MEARA, District Judge.*

## OPINION

O'MEARA, District Judge.

Appellants Alex Pennington and Harold Cunningham appeal an award of attorneys' fees and costs in their favor in the amount of $125,515.02. The two were prevailing parties on an underlying judgment that found an interference with their pension rights under ERISA, 29 U.S.C. § 1140, when their employment with defendant-appellee Western Atlas was terminated in 1993. The underlying judgment was affirmed by a panel of this court in *Pennington v. Western Atlas, Inc.*, 202 F.3d 902 (6th Cir.2000). Fees and costs were awarded to counsel pursuant to 29 U.S.C. § 1132. Appellants have asserted 11 items on which they claim the magistrate judge and district court judge erred in reducing the fees and costs requested.

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

Subsequent to this court's affirmation of the district court's judgment, Appellants requested 592.75 hours at $175 per hour through June 19, 2000, for trial, post-trial, and appellate work performed by Teresa Cunningham, Appellants' counsel, and interest on those fees. The district court reduced Cunningham's hours by 16 hours for clerical/travel time, by 10% for claims related to dismissed parties, and by 5% for lack of success on unrelated claims. The court did not award interest on the fees.

Appellants later requested an additional 194 hours at $175 per hour for work performed by Cunningham in collecting the underlying judgment, preparing a response to Defendant's petition for *certiorari*, and preparing objections and fee petitions. The district court reduced the fees sought by 10%.

On January 23, 2001, the district court considered Appellants' objections and filed an amended order, ordering Appellee to pay $125,515.02 in attorneys' fees and costs. Appellants filed a motion for a Rule 70 order directing Appellee to pay attorneys' fees and costs. Appellee paid $118,398.78 in attorneys' fees February 23, 2001.

On March 22, 2001, the magistrate judge issued a report and recommendation to deny Appellants' request for attorneys' fees and costs of $748.67 for collection of the fees. Appellants filed objections, and the district court adopted the report and recommendation May 8, 2001.

Two notices of appeal were consolidated in this action. The first, filed February 20, 2001, appeals the district court's January 23, 2001 order. The second, filed June 4, 2001, appeals the trial court's May 8, 2001 order. Although Appellee argues

that the first appeal was untimely filed, this panel finds that it was filed in a timely manner, as Appellants filed objections on the same day the court issued its January 3, 2001 order. The district court subsequently considered those objections before entering its January 23, 2001 amended order; thus, the notice of appeal was timely, having been filed within the requisite 30 days. Fed. R.App. P. 4.

This court reviews a district court's award or denial of attorneys' fees and costs for an abuse of discretion. *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir.2001). The trial court's exercise of discretion is entitled to "substantial deference" when the rationale for the award, as in this case, is predominately fact driven. *See Wilson–Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir.2000).

An ERISA judgment itself does not automatically entitle the prevailing party to attorneys' fees. Fees are discretionary pursuant to 29 U.S.C. § 1132(g)(1), which provides in part, "In any action under this chapter ... the court in its discretion may allow reasonable attorney's fees and costs of action to either party."

Appellants seek interest on the attorneys' fees award dating from December 15, 1997, the date of the jury's advisory verdict in their favor on the underlying judgment on the merits. In *Associated General Contractors v. Drabik*, 250 F.3d 482, 495 (6th Cir.2001), this court held that attorneys' fees will bear interest from the date of a judgment for such fees, even if the fees are not quantified until a later date. In *Drabik*, however, the underlying judgment awarded attorneys' fees. In this case, the original judgment on the merits did not provide for an award of attorneys' fees; instead, the fees were first declared in the magistrate judge's July 13, 2000 report and recommendation, which was later adopted by the district court in its January 3, 2001 order. At oral argument, Appellee agreed to pay interest from the July 2000 report and recommendation. Therefore, the court will vacate that portion of the district court's January 23, 2001 order.

The district court's decisions on the remaining issues presented for appeal, however, are entitled to substantial deference. "In light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters, an award of attorneys' fees under [42 U.S.C.] § 1988 is entitled to substantial deference." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In this case, the district court adopted detailed reports and recommendations by the magistrate judge, who had painstakingly considered Plaintiffs' numerous fee requests. Following our thorough review of the record, all applicable law, the parties' briefs, and oral argument by counsel, we conclude that the district court's orders contain no reversible error.

Based upon Appellee's representations at oral argument, we VACATE those portions of the orders denying interest on attorneys' fees and GRANT interest on those fees from July 13, 2000. In all other respects, the orders of the district court are AFFIRMED.