**ROYAL OAK ENTERTAINMENT, L.L.C. a Michigan limited liability company, Murray Hodgson, Royal Oak, Theatre, L.L.C., a Michigan limited liability company, and Peter Hendrickson, Plaintiffs,**

v.

**CITY OF ROYAL OAK, MICHIGAN,** James Marcinkowski, Charles Semchena, Donald Foster, T.J. Berrington, Terry Drinkwine, Michael Andrzejak, Carlo Ginotti, Ilene Lanfear and Jeanne Sarnacki individually and in their official capacities, jointly and severally, Defendants.

Civil No. 04–72728.

United States District Court, E.D. Michigan, Southern Division.

May 21, 2007.

Cindy R. Victor, Victor Firm, Utica, MI, for Plaintiffs.

Eileen E. Pott, Butzel Long, Bloomfield Hills, MI, Leonard M. Niehoff, Ann Arbor, MI, Robin K. Luce, Butzel Long, Detroit, MI, for Defendants.

## OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS' FEES

FEIKENS, District Judge.

Defendants [1] have filed a motion to recover attorneys' fees and costs from Plaintiffs Royal Oak Entertainment, LLC, Murray Hodgson, Royal Oak Theatre, LLC, and Peter Hendrickson, as well as their attorney Ms. Cindy Rhodes Victor. I previously granted summary judgment on all federal claims to the Defendants, see 2005 WL 2038586 (E.D.Mich. Apr. 14, 2005), and was affirmed by the Sixth Circuit.

205 Fed.Appx. 389 (6th Cir.2006). I hereby GRANT IN PART Defendants' motion, and find Plaintiffs and their counsel Ms. Victor are jointly and severally liable to Defendants for $29,772.50 in attorney fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## I. FACTUAL BACKGROUND

In this case,[2] Plaintiffs sued Defendants claiming that Defendants' failure to issue a plan of operation that would permit them to have dancing at the Royal Oak Music Theater, as well as the failure to transfer to Plaintiffs the liquor license and dance permit belonging to Nobody in Particular Presents (NIPP), violated Plaintiffs' rights under the United States Constitution and other federal and state laws. (Compl.) Plaintiffs never possessed either the liquor license or the dance permit, because the City never approved such a transfer, and under Michigan law transfers of such licenses and permits must be approved by the City. See, e.g., Wojcik v. City of Romulus, 257 F.3d 600, 609–11 (6th Cir.2001). I granted summary judgment on all federal claims [3] to the Defendants by finding that

---

1. The Defendants in this case, with their titles as alleged in the Complaint, are as follows:
   - City of Royal Oak, Michigan
   - James Marcinkowski, Deputy City Attorney of Royal Oak
   - Charles Semchena, City Attorney of Royal Oak
   - Donald Foster, Former Lieutenant in Royal Oak Police Department
   - T.J. Berrington, Member, Royal Oak Police Department
   - Terry Drinkwine, Member, City Commission (Comm'n) of Royal Oak
   - Michael Andrzejak, Member, City Comm'n of Royal Oak
   - Carlo Ginotti, Member, City Comm'n & Liquor Control Commission (LCC) of Royal Oak
   - Ilene Lanfear, Member, City Comm'n & LCC of Royal Oak, and
   - Jeanne Sarnacki, Member, City Comm'n & LCC of Royal Oak.

A resident of Royal Oak named Rodney Keteyian was originally a defendant in this case, but the claim against him was dismissed separately from the remaining claims. He is not a party to this motion.

2. Previously I heard another case regarding this factual situation. In that case, Defendants filed a motion for attorney fees, but withdrew it as part of a stipulation by which the plaintiff in that case agreed to forego its right to appeal the judgment of this Court. (Case No. 05–71320, Dkt. No. 56, Mar. 30, 2007.) This opinion does not address any occurrence in that case.

3. After I granted summary judgment, the three state law claims: (1) libel and slander, (2) unfair competition, and (3) unjust enrichment, were dismissed without prejudice.

Plaintiffs did not have standing to bring their due process claim because they had no property interest in the license, and by finding that Plaintiffs had failed to "show any plausible evidence" of a First Amendment retaliation claim. (Op. & Order Granting Summ. J. 7–17.) The Sixth Circuit affirmed this judgment, and additionally found that each of Plaintiffs' further federal claims: violations of (1) the Equal Protection clause, (2) 42 U.S.C. § 1985(3), (3) 42 U.S.C. § 1986, and (4) RICO, were without merit and should be dismissed.

This motion seeks recovery for attorney fees for seven motions and the Answer, asserting attorney fees of $98,260.00 and costs of $739.00 for a total of $98,999.30. (Mot. for Atty. Fees 9.) These claims are made against the Plaintiffs pursuant to 42 U.S.C. § 1988 and the Plaintiffs' counsel pursuant to 28 U.S.C. § 1927.

## II. LEGAL STANDARDS

■■■■ Pursuant to 42 U.S.C. § 1988, attorney fees may be awarded "to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wilson–Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 823 (6th Cir.2000) (internal citations omitted). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Further, pursuant to 28 U.S.C. § 1927, a prevailing defendant's attorney fees may be taxed to the opposing attorney "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Wilson–Simmons*, 207 F.3d at 824 (internal citations omitted).

## III. ANALYSIS

■■ After applying the above standards, it is clear that Plaintiffs and their counsel should have known after the filing of Defendants' motion to dismiss the federal claims that their federal claims had no basis in the law, and therefore they should be held liable for the portion of Defendants' attorney fees related to the motion to dismiss the federal claims, the motion for summary judgment, and conferences I held with the parties after these motions were filed. I further find Defendants are not entitled to reimbursement for any other attorney fees. Lastly, because I find that Defendants incurred these unnecessary fees in major part due to inadequate legal research on the part of Plaintiffs' counsel, I find that both Plaintiffs and their counsel are jointly and severally liable to Defendants pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

### 1. Grant Attorney Fees for Motion to Dismiss Federal Claims and Motion for Summary Judgment

I find it appropriate to grant attorney fees for the motions to dismiss the federal claims and for summary judgment. While at the time of the Answer Plaintiffs could reasonably argue they believed some legal remedy was appropriate, it was clear by the time these motions were filed that no legal remedy was. Michigan law clearly states that no entity has a property interest in a liquor license or attendant permit unless it is the entity who holds the license or who had held it in the past. *Wojcik*, 257 F.3d at 609–10. Attorney fees would not be appropriate if Plaintiffs had made some good faith argument to modify that law, but they failed to do so. *See, e.g.*, Fed.R.Civ.P. 11(b)(2). They instead argued they should recover regardless, and in fact failed to address this precedent or

the material precedent on third party standing in their response briefs to Defendants' motions. (See Pls. Resp. Br. to Mot. to Dismiss Federal Claims; Pls. Resp. Br. to Mot. for Summ. J.) Their arguments and evidence for the other federal claims were equally as weak, if not ridiculous. (*See, e.g.,* Op. & Order Granting Summ. J. 16–17 (finding "no plausible evidence" of First Amendment retaliation claim).) Plaintiffs should have been aware of the law governing their federal claims and, at the very least, withdrawn the claims themselves once Defendants highlighted the claims' lack of legal foundation in their motion to dismiss the federal claims and again in their motion for summary judgment. Plaintiffs' claim at oral argument that no award is proper because Plaintiffs and their counsel believed at the beginning of the case that the claims had merit is immaterial because subjective bad faith is not required to award attorneys fees in this situation. *See Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ("In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."); *see also Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (extending *Christiansburg* rationale to recovery of fees in § 1983 claims). Because it should have been obvious to Plaintiffs upon the filing of Defendants' motion to dismiss that they had no legal basis upon which to make these federal claims, and Plaintiffs irregardless of that fact continued to oppose Defendants through the briefing for both the motion to dismiss and the motion for summary judgment, Defendants should recover their reasonable attorney fees for each of these motions.[4]

### 2. Deny Attorney Fees for All Other Aspects of this Case

I DENY Defendants' motion as it pertains to the remainder of their attorney fees and costs. Several of these motions I never ruled upon and were not required by this case.[5] (*See* Def'ts Mot. for Protective Order, Def'ts Mot. to Limit Extrajudicial Statements, Def'ts Mot. for Leave to File a Counter Complaint, & Def'ts Mot. to Strike.) Further, it would be inappropriate to grant attorney fees for Defendants' motion to dismiss the state law claims when those claims were dismissed without prejudice so they could be decided by the Oakland County Circuit Court.[6]

---

**4.** The filing of the motion to dismiss the federal claims before the motion for summary judgment should not preclude recovery of attorneys' fees for the motion for summary judgment because the motion to dismiss was not denied on its merits, but converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6). This conversion was made because matters outside the pleading were presented in the briefing on Defendants' motion to dismiss the federal claims. (*See* Order of Jan. 6, 2005; Fed.R.Civ.P. 12(b)(6).) Fed.R.Civ.P. 12(b)(6) provides that parties "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56," thus permitting briefing on the motion for summary judgment itself was required by the rule. Therefore, it is appropriate to find Plaintiffs liable for fees incurred in both of these motions.

**5.** Defendants at oral argument and in their reply brief claimed these motions were necessary due to actions of Plaintiffs and their counsel. (Def'ts Reply Br. 5.) While I appreciate Defendants' position that in the heat of litigation these motions were deemed necessary to protect their interests should this case have gone to trial, I cannot find they were necessary to the case, however, as they were never heard and I do not find them to be central to the case or its disposition.

**6.** In the opinion, I stated I was remanding the state claims to the Oakland County Circuit Court. (Op. & Order Granting Summ. J. 17.)

The only other filing for which Defendants seek attorney fees is the Answer. This is a close issue, but I do not permit Defendants to recover their attorney fees incurred in answering the Complaint or otherwise developing a case strategy. While I find the law regarding Plaintiffs' standing to bring such a claim was clear enough for attorneys' fees to be granted for the motions to dismiss and for summary judgment, and I find that Plaintiffs' counsel's failure to conduct adequate legal research on this issue is sanctionable, I am unwilling to find that Defendants are entitled to attorneys' fees from the outset of this case. I use my discretion to find that while bringing this case was an error, it was not so grave an error to qualify as "frivolous, unreasonable, or without foundation" from the outset of this litigation. *See Wilson–Simmons,* 207 F.3d at 823. This error only crossed into that realm once Plaintiffs and their counsel were apprised of the legal error in their claim and continued litigating it without making a good faith argument for a modification of the law. Therefore, I DENY attorney fees for the Answer and other strategic planning of the defense.

3. *Find Liability for Attorney Fees pursuant to both 42 U.S.C. § 1988 and 28 U.S.C. § 1927*

I find that the Plaintiffs should be held liable for these fees pursuant to 42 U.S.C. § 1988, and that their counsel also should be held personally liable pursuant to 28 U.S.C. § 1927. The grounds on which I find an award of fees appropriate is that after the Defendants had clearly outlined the reasons these Plaintiffs did not have standing to make these claims according to clearly established Michigan law, Plaintiffs continued to litigate this case. Rudimentary legal research would have shown these Plaintiffs did not have standing because they had no property interest in the liquor license or any of its attendant permits because they never held either the license or the permits. *See, e.g., Wojcik,* 257 F.3d at 609–11; *Barr v. Pontiac City Comm'n,* 90 Mich.App. 446, 282 N.W.2d 348, 350 (1979) citing *Bisco's, Inc. v. Liquor Control Comm'n,* 395 Mich. 706, 238 N.W.2d 166 (1976) and *Bundo v. City of Walled Lake,* 395 Mich. 679, 238 N.W.2d 154 (1976). Thus, both Plaintiffs and their counsel are at fault here, so I find they should be jointly and severally liable for Defendants' attorneys' fees. This Court is well aware of the public policy implications of finding plaintiff's attorneys personally liable for frivolous cases and the strong need for zealous advocates amongst those who believe they have been wronged, but it is also aware that each attorney has a duty as an officer of this Court not to unduly prolong cases that wholly lack legal merit. Once it had been made clear by the Defendants' motions that this case lacked legal merit due to Plaintiffs' lack of standing, it was Ms. Victor's obligation as an officer of this Court to instruct her clients that they had no legal remedy and either voluntarily dismiss this case or make a good faith argument to change the law.[7]

---

The Sixth Circuit altered this statement slightly, properly interpreting it as a dismissal of the state claims without prejudice requiring refiling in state court should Plaintiffs wish to bring them. *See* 205 Fed.Appx. at 394 n. 2. The effect is the same for the attorney fees inquiry.

7. *See Wilson–Simmons,* 207 F.3d at 824 ("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits.... Accordingly ... when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees at-

She did neither, and she therefore fell short of her obligations as a member of the bar. For this reason, this Court finds she is jointly and severally liable with the Plaintiffs for Defendants' attorneys' fees incurred regarding their motion to dismiss the federal claims as well as their motion for summary judgment.[8]

From the billing records presented with the motion for attorneys' fees, it appears Defendants are entitled to $29,772.50 in attorneys fees. I have calculated this number by adding the total hours spent addressing Defendants' motion to dismiss the federal claims, Defendants' motion for summary judgment, and the time spent preparing for and attending both a status conference and a settlement conference held by this Court after the motion to dismiss the federal claims was filed. (*See* Def'ts Mot. for Atty. Fees Ex. 1.) Donna Heiser, an associate with ten years experience, billed 111.6 hours to these issues at a rate of $200 per hour, and T. Joseph Seward, a partner with more than 20 years of experience, billed 27.1 hours to these issues at a rate of $275 per hour. (*Id.* Exs. A & 1.) This total is $29,772.50. As Defendants have not indicated which of their costs were directly related to these motions as opposed to other aspects of this case, I award them none of their costs. (*See id.* Ex. 2.)

## IV. CONCLUSION

For the aforementioned reasons, I GRANT IN PART Defendants' motion for attorney fees and find that Plaintiffs and their counsel Ms. Victor are jointly and severally liable to the Defendants for

tributable to such actions against the attorney.") quoting *In re Ruben,* 825 F.2d 977, 984 (6th Cir.1987).

**8.** The Sixth Circuit has previously affirmed an award of attorneys fees that found Plaintiff

$29,772.50 of attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

and her counsel jointly and severally liable despite the fact their liability derives from different statutes. *See Wilson–Simmons,* 207 F.3d at 821.